IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRANDY MOULTON,

    Plaintiff,

  v.

DAN GJERDE, in his official capacity as Supervisor for the County of Mendocino,

    Defendant.

Case No. 20-cv-02374-MMC

**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**

    Before the Court is plaintiff Brandy Moulton's Application, filed April 14, 2020, for a "Temporary Restraining Order and OSC re: Preliminary Injunction." Defendant Dan Gjerde has filed opposition, to which plaintiff has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

    In her complaint, plaintiff alleges that, in February 2020, defendant, a county supervisor, "banned" her "from speaking in a public forum he had set up for constituents to interact with each other and with him about his actions as a local government official." (See Compl. ¶ 1.) The "public forum," according to plaintiff, is a "Facebook page which is currently titled 'Dan Gjerde, 4th District Supervisor.'" (See Compl. ¶ 11.) Based on said allegations, plaintiff alleges defendant has violated 42 U.S.C. § 1983.

    By the instant application, plaintiff seeks a temporary restraining order prohibiting defendant from restricting plaintiff's access to the above-referenced Facebook page, as well as an order directing defendant to show cause why a preliminary injunction should

---

[1] By order filed April 22, 2020, the Court advised the parties the matter would be taken under submission upon completion of the briefing.

not issue.

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Quiroga v. Chen, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008).  As an alternative to showing a likelihood of success on the merits, however, a plaintiff may establish "that serious questions going to the merits [have been] raised," provided such plaintiff also establishes "a balance of hardships that tips sharply toward the plaintiff," a likelihood of irreparable harm, and that the injunction is in the public interest.  See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011) (internal quotation and citation omitted).

In her declaration, plaintiff states that "around February 22, 2020," she "voic[ed]" on the forum her concerns about defendant's "job performance" and that, "[s]hortly" thereafter, she was "blocked" from accessing the Facebook page.  (See Moulton Decl. ¶¶ 11-12.)  In his declaration, defendant states that, although he "blocked" plaintiff from the Facebook page "on or about February 19, 2020" (see Gjerde Decl. ¶ 15), he reinstated plaintiff's access "on either March 5, or March 6, 2020," when he "changed the settings" so that "no one" is blocked (see id. ¶ 11); he further declares plaintiff has had full access to the forum as of that time (see id. ¶¶ 11, 13).  Plaintiff has not disputed defendant's declaration that, as of March 6, 2020, she has not been subject to any restriction limiting her access to or use of the Facebook page.  Consequently, assuming plaintiff has a right to full access to the Facebook page, it is undisputed that, as of April 8, 2020, the date on which plaintiff filed her complaint, she has not been deprived of any such right.

The Court next considers whether, under such circumstances, plaintiff has shown she has standing to seek an injunction.  See O'Shea v. Sullivan, 414 U.S. 488, 493

(1974) (holding district court cannot "assume jurisdiction" over claim for injunctive relief in absence of showing plaintiff has standing).

Where a plaintiff seeks injunctive relief, such plaintiff, to have standing, must show the existence of a "real or immediate threat that the plaintiff will be wronged again," see City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983), a showing that cannot be based solely on "a past injury," see San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996). Here, plaintiff offers no evidence to support a finding that she faces an imminent or, for that matter, any future threat of being blocked again. Rather, she relies on defendant's past act of blocking, which conduct, as noted, is insufficient to establish standing. See id.

Accordingly, plaintiff's application is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2020

MAXINE M. CHESNEY
United States District Judge