1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRANDY MOULTON,

Plaintiff,

v.

DAN GJERDE,

Defendant.

Case No.  20-cv-02374-MMC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**

Before the Court is defendant Dan Gjerde's Motion, filed May 8, 2020, "to Dismiss Plaintiff's Complaint."  Plaintiff Brandy Moulton has filed opposition, to which defendant has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for June 19, 2020, and rules as follows.

In her complaint, plaintiff alleges that, in February 2020, "[s]hortly after" plaintiff "posted her concerns about [defendant's] job performance" (see Compl. ¶ 22), defendant, a county supervisor, "banned" her "from speaking in a public forum he had set up for constituents to interact with each other and with him about his actions as a local government official" (see Compl. ¶ 1), specifically, a "Facebook page which is currently titled 'Dan Gjerde, 4th District Supervisor'" (see Compl. ¶ 11).  Based on these allegations, plaintiff asserts three claims, each brought under 42 U.S.C. § 1983, and titled, respectively, (1) "First Amendment - Viewpoint Discrimination and Retaliation," (2) "Fourteenth Amendment Due Process," and (3) Fourteenth Amendment Equal Protection."  Plaintiff seeks injunctive relief and declaratory relief.

United States District Court
Northern District of California

In his motion, defendant argues plaintiff has failed to allege facts to support her standing to seek declaratory or injunctive relief.  In particular, defendant argues, plaintiff does not allege that, as of April 8, 2020, the date on which plaintiff filed her complaint, she was unable to fully access his Facebook page or that she otherwise was likely to incur any injury by reason of the alleged February 2020 ban.

A challenge to a plaintiff's standing raises a jurisdictional issue, and, consequently, is "properly raised" in a motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).[1]  Where, as here, a plaintiff seeks only declaratory and injunctive relief, such plaintiff, to avoid dismissal, must allege facts sufficient to show "a very significant possibility of future harm" by reason of the challenged conduct; "it is insufficient for [her] to demonstrate only a past injury."  See San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996) (affirming dismissal of complaint challenging constitutionality of statute, where plaintiffs failed to allege "genuine threat of imminent prosecution" thereunder); see also Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001) (holding "[s]tanding is determined by the facts that exist at the time the complaint is filed")

Here, the complaint is silent as to whether, at the time it was filed, plaintiff was still unable to access defendant's Facebook page, either in full or in part.[2]  In her opposition,

---

[1]"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," whereas, "in a factual attack, [in which] the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," a court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." See id.  Here, defendant raises a facial attack only.

[2]Nor, even if she was not at that time being denied access, has plaintiff alleged any facts to show there exists a "real or immediate threat that [she] will be wronged again."  See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).  Plaintiff does not, for example, allege defendant has made known to her an intent to again ban her if she engages in some intended activity.

United States District Court
Northern District of California

1  plaintiff argues the Court should, in essence, assume that, as of April 8, 2020, she was

2  still being subjected to "blocking" by defendant because her complaint "alleges no facts

3  implying that it has ceased." (See Pl.'s Opp. at 11:19-21.)  Although a court must, at the

4  pleading stage, "accept as true" factual allegations made in a complaint, see Ashcroft v.

5  Iqbal, 556 U.S. 662, 678 (2009), a court cannot assume as true an allegation that has not

6  been made, particularly an allegation that is necessary to establish the court's jurisdiction

7  to consider the merits of the alleged claims.  See O'Shea v. Littleton, 414 U.S. 488, 493-

8  95 (1974) (holding, where plaintiff sought injunctive relief, district court lacked jurisdiction

9  to consider claims challenging state court's bond and sentencing practices, where no

10  plaintiff alleged any "prospect of future injury" from challenged practices).

11       Accordingly, the complaint is subject to dismissal for lack of standing.

12       As set forth below, the Court will afford plaintiff leave to amend her complaint to

13  allege, if she can do so, facts to support standing.  Under such circumstances, and given

14  plaintiff's assertion in her opposition that she intends to amend if provided such

15  opportunity, the Court finds it appropriate to address an additional issue raised in

16  defendant's motion to dismiss, specifically, whether plaintiff has failed to state a

17  cognizable claim for municipal liability.

18       As defendant notes, plaintiff has sued him only in "his official capacity as

19  Supervisor for the County of Mendocino." (See Compl., caption.)[3]  An "official capacity"

20  suit is "another way of pleading an action against an entity of which an officer is an

21  agent."  See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690 n.55

22  (1978).  Put another way, an official capacity suit is "not a suit against the official

23  personally, for the real party in interest is the entity," see Kentucky v. Graham, 473 U.S.

24  159, 166 (1985), which entity, in the instance case, is the County of Mendocino.

25       Where, as here, a plaintiff sues a municipality under § 1983, the plaintiff must

26

27       _____

         [3]In her opposition, plaintiff confirms defendant is being "sued in his official
28  capacity."  (See Pl.'s Opp. at 17:27.)

1  show the claimed injury "was caused by a municipal policy or custom."  See Los Angeles

2  County v. Humphrey, 562 U.S. 29, 31 (2010).  As the Ninth Circuit has explained, "[a]

3  section 1983 plaintiff may establish municipal liability in one of three ways."  See Gillette

4  v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992).  Here, plaintiff, in her opposition, states

5  she seeks to establish her claim in the second of the three alternative ways specified by

6  the Ninth Circuit, specifically, by a showing that "the individual who committed the

7  constitutional tort was an official with final policy-making authority and that the challenged

8  action itself thus constituted an act of official governmental policy."  See id. at 1347.[4]

9       In support thereof, plaintiff, noting defendant is a supervisor and has "final policy-

10 making authority" over his Facebook page, contends defendant's decisions regarding his

11 Facebook page are official government policies.  (See Pl.'s Opp. at 16:9-13.)  Plaintiff's

12 theory, however, is foreclosed by Ninth Circuit authority, specifically, by its holding that a

13 single county supervisor does not, as a matter of California law, "have final authority to

14 establish the [c]ounty's official policy."  See Lake Nacimiento Ranch Co. v. County of San

15 Luis Obispo, 841 F.2d 872, 879 (9th Cir. 1987); Gillette, 979 F.2d at 1346 (holding

16 "[w]hether a particular official has policy-making authority is a question of state

17 law").  Rather, under California law, county policy can only be established by "a majority

18 of the supervisors."  See Lake Nacimiento Ranch Co., 841 F.2d at 879 (citing Cal. Gov't

19 Code § 25005).  Here, plaintiff does not allege the majority of supervisors of the County

20 of Mendocino have set any policy regarding access to a supervisor's Facebook page, let

21 alone any policy implicated by defendant's alleged conduct in February 2020.

22       Accordingly, in addition to lack of standing, plaintiff's claims are subject to

23 dismissal for failure to state facts to support a municipal liability claim.

24

25       [4]The first and third alternatives are, respectively, that a municipal employee
26 "committed the alleged constitutional violation pursuant to a formal governmental policy
   or longstanding practice or custom which constitutes the 'standard operating procedure'
27 of the local governmental entity," and that "an official with final policy-making authority
   ratified a subordinate's unconstitutional decision or action and the basis for it."  See id. at
28 1346-47.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.  Should plaintiff wish to file an amended complaint for purposes of curing the above-described deficiencies, such First Amended Complaint shall be filed no later than July 2, 2020.

In light of the above, the Case Management Conference is hereby CONTINUED from July 10, 2020, to September 25, 2020, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than September 18, 2020.

**IT IS SO ORDERED.**

Dated: June 10, 2020

MAXINE M. CHESNEY
United States District Judge