IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY MOULTON,<br><br>    Plaintiff,<br><br>v.<br><br>DAN GJERDE, in his individual capacity and in his official capacity,<br><br>    Defendants. | Case No. 20-cv-02374-MMC<br><br>**ORDER GRANTING COUNTY'S MOTION TO DISMISS; DISMISSING IN PART FIRST THROUGH FIFTH CAUSES OF ACTION; AFFORDING PLAINTIFF FURTHER LEAVE TO AMEND** |

        In the above-titled action, plaintiff Brandy Moulton ("Moulton") has sued two defendants: (1) Dan Gjerde, an elected Supervisor of the County of Mendocino, in his individual capacity ("Gjerde"); and (2) Dan Gjerde in his official capacity, which is a claim against the County of Mendocino ("the County"), see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (holding official capacity suit is "not a suit against the official personally, for the real party in interest is the entity").

        Now before the Court is the County's Motion, filed July 22, 2020, "to Dismiss Plaintiff's First Amended Complaint."[1]  Moulton has filed opposition, to which the County has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

        In her First Amended Complaint ("FAC"), Moulton alleges Gjerde operates a "Facebook" page that Moulton describes as a "public forum" ("Forum") (see FAC ¶¶ 1,

---

[1] To date, Moulton has not filed proof of service of the summons and complaint upon Gjerde, and Gjerde has not appeared.

[2] By order filed September 14, 2020, the Court took the matter under submission.

1  19), and that, in February 2020, Gjerde "blocked" Moulton from "interacting with him or
2  her fellow constituents" in the Forum (see FAC ¶ 41).  According to Moulton, Gjerde
3  engaged in such conduct in "retaliation" for Moulton's having posted in the Forum her
4  "concerns" about Gjerde's "job performance."  (See FAC ¶ 41).  Based on these
5  allegations, Moulton asserts, as the First through Fifth Causes of Action, claims arising
6  under 42 U.S.C. § 1983, titled, respectively, (1) "First Amendment - Viewpoint
7  Discrimination and Retaliation," (2) "First Amendment – Right to Petition"; (3) "Fourteenth
8  Amendment Due Process," (4) Fourteenth Amendment Equal Protection"; and (5)
9  "Fourteenth Amendment – Substantive Due Process."  In addition, Moulton asserts, as
10  the Sixth Cause of Action, a claim arising under state law, titled "California Constitution –
11  Liberty of Speech, Petition."

12  By order filed June 10, 2020, the Court dismissed the § 1983 claims asserted
13  against the County in the initial complaint, on the ground, inter alia, Moulton had failed to
14  allege sufficient facts to state a cognizable municipal liability claim.  By the instant motion,
15  the County seeks an order dismissing the First through Fifth Causes of Action, to the
16  extent alleged against the County, on the ground that Moulton has again failed to plead
17  sufficient facts to support a claim for municipal liability.

18  A government entity may be sued under § 1983 where an allegedly
19  unconstitutional action "implements or executes" a municipal policy or custom.  See
20  Monell v. Department of Social Services, 436 U.S. 658, 690 (1978).

21  In the FAC, Moulton has added the allegation that the County "maintained a policy
22  of permitting [Gjerde] – and only [Gjerde] – to control the Forum."  (See FAC ¶ 36).
23  According to Moulton, "these policies include[ ] Mendocino County Policy #50, adopted
24  December 19, 2016 by a majority of the board of supervisors, in addition to other formal
25  and informal policies adopted by the majority of supervisors."  (See id.)  The County
26  argues that, to the extent Moulton bases her municipal liability claims on Policy #50,
27  Moulton fails to allege facts to support a finding that Gjerde's alleged blocking of Moulton
28  //

occurred pursuant to such policy. As set forth below, the Court agrees.[3]

Policy #50 provides that "[d]epartment use of social media technology shall conform to the policies and protocols contained, or referenced, herein," which policies and protocols include a requirement that individuals managing county social media accounts "[c]omply with all applicable federal . . . laws," including the "First Amendment." (See Def.'s Req. for Judicial Notice Ex. 1.)[4] Additionally, Policy #50 identifies thirteen categories of "content posted by external . . . users" that are "subject to removal," such as "profane language or content" and "violent or threatening content." (See id.) Given Moulton's allegations that Gjerde's blocking her from the Forum is in violation of federal law, including the First Amendment, and that he removed her posts because they were critical of his job performance, a type of speech that does not fall within any of the thirteen categories of comments subject to removal, Moulton is, in effect, alleging Gjerde acted contrary to, rather than in conformity with, the municipal policy set forth in Policy #50.

The County next argues that, to the extent Moulton bases her municipal liability claims on a policy or policies other than Policy #50, Moulton fails to sufficiently identify any such policy. The Court again agrees. A municipal liability claim must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." See AE ex rel. Hernandez, 666 F.3d, 631, 637 (9th Cir. 2012) (internal quotation and citation omitted). In her opposition, Moulton explains her theory is that "where [P]olicy #50 is silent or ambiguous, it [the County] has a 'practice or custom' of going beyond the [P]olicy." (See Pl.'s Opp. at 16:20-21 (emphasis in original).)

---

[3] In light of this finding, the Court does not consider the County's alternative argument that Policy #50 does not apply to social media accounts managed by elected officials.

[4] The County's unopposed request that the Court take judicial notice of Policy #50 is hereby GRANTED. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding, for purposes of motion to dismiss, district may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions").

1  Moulton, however, has not identified, nor has the Court otherwise located, any facts in
2  the FAC that give fair notice of the nature of any such other practice or custom.
3  Moulton also observes that a municipal liability claim can be based on a theory
4  that "the individual who committed the constitutional tort was an official with final policy-
5  making authority" or a theory that "an official with final policy-making authority ratified a
6  subordinate's unconstitutional decision or action and the basis for it."  See Gillette v.
7  Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  The FAC, however, fails to state a
8  cognizable municipal liability claim under either of those theories.  First, as the Court
9  explained in its order dismissing Moulton's initial complaint, a single supervisor, such as
10 Gjerde, does not, as a matter of law, "'have final authority to establish the [c]ounty's
11 official policy.'"  (See Order, filed June 10, 2020, at 4:9-21 (quoting Lake Nacimiento
12 Ranch Co. v. County of San Luis Obispo, 841 F.2d 872, 879 (9th Cir. 1987).)  With
13 respect to ratification, the FAC does not include facts to support a finding that the board
14 of supervisors, or any official or other entity with final policy-making authority, having
15 been made aware that Gjerde blocked Moulton due to her posted "concerns" about his
16 "job performance" (see FAC ¶ 41), ratified any such alleged decision by Gjerde and the
17 basis for it.[5]
18 Accordingly, to the extent the First through Fifth Causes of Action are asserted
19 against the County, said Causes of Action are subject to dismissal.
20 Lastly, the Court considers whether Moulton should be afforded further leave to
21 amend her municipal liability claims.  Although Moulton, in her opposition, requests such
22 leave, she fails to identify any additional facts she could allege.  Nonetheless, as leave to
23 amend should be "freely give[n]," see Fed. R. Civ. P. 15(a)(2), the Court will afford

---

[5] Moulton does allege that the "majority" of the board of supervisors "learned of this lawsuit" and declined to "change the policy" (see FAC ¶ 38), an apparent reference to Policy #50.  Any such alleged declination does not, however, constitute ratification, as Policy #50 does not allow a member of the public to be blocked from accessing a county social media site on the ground he/she expressed a concern about a county supervisor's job performance.

Moulton one additional opportunity to amend her municipal liability claims.

## CONCLUSION

For the reasons stated, the County's motion to dismiss is hereby GRANTED, and the First through Fifth Causes of Action are hereby DISMISSED to the extent asserted against the County.

Should Moulton wish to file a Second Amended Complaint ("SAC"), such amended pleading shall be filed no later than October 9, 2020. If Moulton does not file an SAC within the time provided, the instant action will proceed on the remaining claims in the FAC, i.e., the First through Fifth Causes of Action to the extent asserted against Gjerde, and the Sixth Cause of Action as asserted against all defendants.

**IT IS SO ORDERED.**

Dated: September 16, 2020

MAXINE M. CHESNEY
United States District Judge