IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY MOULTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAN GJERDE,<br><br>　　　　Defendant. | Case No. 20-cv-02374-MMC<br><br>**ORDER GRANTING COUNTY'S MOTION TO DISMISS; DISMISSING IN PART FIRST THROUGH FIFTH CAUSES OF ACTION; SETTING DEADLINE FOR COUNTY TO RESPOND TO SIXTH CAUSE OF ACTION; VACATING HEARING** |

In the above-titled action, plaintiff Brandy Moulton ("Moulton") has sued two defendants: (1) Dan Gjerde, an elected Supervisor of the County of Mendocino, in his individual capacity ("Gjerde"); and (2) Dan Gjerde in his official capacity, which is a claim against the County of Mendocino ("the County"), see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (holding official capacity suit is "not a suit against the official personally, for the real party in interest is the entity").

Now before the Court is a Motion, filed October 30, 2020, "to Dismiss Plaintiff's First Amended Complaint," whereby the County seeks dismissal of the federal claims asserted against it.[1]  Moulton has filed opposition,[2] to which the County has replied. Having read and considered the papers filed in support of and in opposition to the motion,

---

[1] To date, Moulton has not filed proof of service as to Gjerde, and Gjerde has not appeared.

[2] By order filed August 6, 2020, the Court struck Moulton's opposition to an earlier-filed motion, for the reason that said document, in violation of the Local Rules of this District, exceeded 25 pages in length.  The opposition filed by Moulton in response to the instant motion likewise exceeds 25 pages, and, consequently, could be stricken as well. In the interest of judicial economy, however, the Court, in this instance, has exercised its discretion to consider the over-sized submission

the Court deems the matter suitable for determination of the parties' respective written submissions, VACATES the hearing scheduled for December 18, 2020, and rules as follows.

In her Second Amended Complaint ("SAC"), Moulton alleges Gjerde operates a "Facebook page," which Moulton describes as a "public forum" ("Forum") (see SAC ¶¶ 1, 19), and that, in February 2020, Gjerde "blocked" Moulton from "interacting with him or her fellow constituents" in the Forum (see SAC ¶ 41). According to Moulton, Gjerde engaged in such conduct in "retaliation" for Moulton's having posted in the Forum "comments critical of him." (See id.). Based on these allegations, Moulton asserts, as the First through Fifth Causes of Action, claims arising under 42 U.S.C. § 1983, titled, respectively, (1) "First Amendment - Viewpoint Discrimination and Retaliation," (2) "First Amendment – Right to Petition," (3) "Fourteenth Amendment Due Process," (4) Fourteenth Amendment Equal Protection"; and (5) "Fourteenth Amendment – Substantive Due Process." In addition, Moulton asserts, as the Sixth Cause of Action, a claim arising under state law, titled "California Constitution – Liberty of Speech, Petition."

The Court previously has found Moulton's § 1983 claims against the County deficient as pleaded. First, as to the initial complaint, the Court, by order filed June 10, 2020, dismissed those claims with leave to amend, finding Moulton had failed to plead sufficient facts to state a municipal liability claim under § 1983. See Monell v. Department of Social Services, 436 U.S. 658, 690 (1978) (holding government entity may be sued under § 1983 only where allegedly unconstitutional act "implements or executes" municipal policy or custom). Next, as to the First Amended Complaint, the Court, by order filed September 16, 2020, dismissed the amended municipal liability claims, again finding Moulton had failed to allege sufficient facts to state such claims, and Moulton was given another opportunity to amend. Thereafter, Moulton filed the SAC, which pleading constitutes her third attempt to state a municipal liability claim under § 1983.

By the instant motion, the County argues the SAC again fails to state a viable municipal liability claim under § 1983.

In particular, the Court has reviewed the SAC in its entirety, including Moulton's additional allegations pertaining to the question of municipal liability (see SAC ¶¶ 37-38), and finds, for the reasons stated in its prior orders (see Order, filed June 10, 2020, at 3:18-4:21; Order, filed September 16, 2020, at 2:18-4:17) as well as for the reasons stated by the County (see Def.'s Mot. at 10:5-13:2, 13:9-14:25), such new allegations fail to cure the deficiencies previously identified by the Court.

Accordingly, the County's motion to dismiss is hereby GRANTED, and the First through Fifth Causes of Action, to the extent asserted against the County, are hereby DISMISSED without further leave to amend.

The County is hereby DIRECTED to file, no later than December 31, 2020, an answer to the Sixth Cause of Action, the remaining claim asserted against it.

**IT IS SO ORDERED.**

Dated:  December 11, 2020

MAXINE M. CHESNEY
United States District Judge